**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4407**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

CHARLES MANU,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:15-cr-00060-JPB-JES-1)

———————

Submitted:  November 17, 2016    Decided:  November 23, 2016

———————

Before GREGORY, Chief Judge, and KING and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Brendan S. Leary, FEDERAL PUBLIC DEFENDER OFFICE, Wheeling, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, David J. Perri, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Manu pled guilty to possession of unauthorized access devices, 18 U.S.C. §§ 1029(a)(3), 1029(c)(1)(A)(i) (2012), and was sentenced to 24 months in prison. He now appeals, challenging the reasonableness of his sentence. We affirm.

The record reflects that the district court properly determined that Manu's Guidelines range was 6-12 months, considered the 18 U.S.C. § 3553(a) (2012) sentencing factors and the arguments of the parties, and provided a sufficiently individualized assessment based on the facts of the case. The court explained that it had varied above the Guidelines range because Manu had not cooperated fully with investigators, had recently committed a similar offense in Kentucky, and had not been truthful with his probation officer about his claimed past employment. We conclude that the sentence is procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

2